NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY CASTEL NAVARRO,

           Plaintiff - Appellee,

  v.

CITY AND COUNTY OF SAN
FRANCISCO; JEFFREY LUBEY, Officer,
in his individual capacity as a law
enforcement officer for the San Francisco
Police Department,

           Defendants - Appellants.

No. 24-7142

D.C. No.
3:23-cv-02402-SK

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Sallie Kim, Magistrate Judge, Presiding

Argued and Submitted October 23, 2025
San Francisco, California

Before: MURGUIA, Chief Judge, and OWENS and BUMATAY, Circuit Judges.
Dissent by Judge BUMATAY.

Officer Jeffrey Lubey appeals from the district court's denial of summary

judgment based on qualified immunity in Anthony Navarro's 42 U.S.C. § 1983

action alleging excessive force in violation of his Fourth Amendment rights and

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

retaliation in violation of his First Amendment rights. We review de novo, viewing the facts in the light most favorable to the nonmoving party. *Smith v. Agdeppa*, 81 F.4th 994, 1001 (9th Cir. 2023). As the parties are familiar with the facts, we do not recount them here. We dismiss in part and affirm in part.

1. On the excessive force claim, this court dismisses Lubey's challenge to the district court's determination that a reasonable jury could find for Navarro. When considering appeals challenging the denial of qualified immunity, this court "lack[s] jurisdiction" over arguments that "the evidence is insufficient to raise a genuine issue of material fact." *Est. of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021).

Here, Lubey asks this court to make an impermissible evidence-sufficiency determination. In challenging the district court's conclusion that "a reasonable jury could find that Lubey committed a constitutional violation," Lubey resurfaces matters the district court had already decided were genuine issues of material fact: whether Navarro shoved Lubey and whether Lubey warned Navarro. This court lacks jurisdiction to hear Lubey's argument.

And the video footage exception permitting the court to instead "view[] the facts in the light depicted by the videotape" is inapplicable. *Scott v. Harris*, 550 U.S. 372, 381 (2007). Where the body camera footage captures neither the alleged shove nor warning, there is no "blatant[] contradict[ion]" between the video

evidence and Navarro's framing of the facts. *Id.* at 380.

2. The district court did not err in concluding that, as of June 2022, the law clearly established that Lubey's alleged takedown of Navarro was unconstitutional. A law is "clearly established" when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015) (per curiam) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

Binding precedent put Lubey on clear notice that taking down a nonviolent, nonresistant suspect was unconstitutional. In 2007, this court recognized that an "officer violates the Fourth Amendment by tackling and piling on top of a 'relatively calm,' non-resisting suspect who posed little threat of safety without any prior warning and without attempting a less violent means of effecting an arrest." *Andrews v. City of Henderson*, 35 F.4th 710, 719 (9th Cir. 2022) (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007)).

3. On the retaliation claim, this court dismisses Lubey's challenge to the district court's determination that "a reasonable jury could infer" a causal relationship between Lubey's use of the escort method and Navarro's insults. Lubey argues that "mere timing" is insufficient to establish a retaliation claim, but this court lacks jurisdiction to consider appeals arguing "that the evidence is insufficient to raise a genuine issue of material fact." *Marsh*, 985 F.3d at 731.

4.  The district court did not err in concluding that, as of June 2022, it was clearly established that using a painful escort method to punish a suspect for verbal challenges was unconstitutional.  In 1990, this court established that police "may not exercise the awesome power at their disposal to punish individuals for conduct that is not merely lawful, but protected by the First Amendment." *Duran v. City of Douglas*, 904 F.2d 1372, 1378 (9th Cir. 1990).  This court reiterated that principle in 2007, holding that an officer could "not justify the use of force" by slamming an individual who insulted the officer onto his car hood.  *Winterrowd v. Nelson*, 480 F.3d 1181, 1185 (9th Cir. 2007).  As such, Lubey was on clear notice that using the escort method on Navarro shortly after he had insulted Lubey was unconstitutional.

**DISMISSED IN PART AND AFFIRMED IN PART**.

*Navarro v. City & Cty of San Francisco*, No. 24-7142
BUMATAY, Circuit Judge, dissenting:

Because I would reverse and grant Officer Jeffrey Lubey qualified immunity, I respectfully dissent.

1. As to Anthony Navarro's Fourth Amendment excessive force claim, we should have reversed the denial of qualified immunity based on the uncontested facts in the record. *See Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018) (appellate court has jurisdiction "over issues that do not require resolution of factual disputes, including in cases where officers argue that they have qualified immunity, assuming the facts most favorable to the plaintiff").

Although the parties dispute some facts, none of the following are contested: Officer Lubey was operating in a high-risk environment, trying to maintain order among crowds of drunken revelers and ongoing noise from an NBA championship celebration. The officers were responding to assist a reveler who dangerously climbed up a light pole. As Officer Horton was rushing to the light pole, an inebriated Navarro purposefully barged into him. Navarro ignored warnings to back off and obstructed Officer Horton from moving forward. Several times, Navarro even came into physical contact with Officer Horton. Finally, Officer Horton had to physically push Navarro away. All of this happened seconds before Navarro approached Officer Lubey.

Immediately after, Navarro effectively brushed into Officer Lubey, walking closely behind his left shoulder into his blind spot. As Officer Lubey's bodycam footage shows, Navarro (in yellow) first approached Officer Lubey's left shoulder from the front, just after being pushed away by Officer Horton (in uniform, walking ahead of Navarro and Officer Lubey):



Navarro then passed just behind Officer Lubey's shoulder, as shown by another officer's bodycam footage:



This put Officer Lubey in a vulnerable situation, regardless of whether Navarro later

24-7142

shoved him or not.

Officer Lubey did not act unreasonably under these circumstances. The most important factor for reasonableness is whether the "suspect poses an immediate threat to the safety of the officers or others." *Smith v. City of Hemet,* 394 F.3d 689, 702 (9th Cir. 2005) (en banc) (simplified). Having seen Navarro physically accost Officer Horton moments before, it was not unreasonable for Officer Lubey to view Navarro as a threat after he effectively brushed into him and entered his immediate blind spot. Given the circumstances, an officer would be reasonably apprehensive after an unknown drunk haphazardly walks into his blind spot, especially after witnessing that person physically confront another officer seconds before. Officers do not have eyes in the back of their heads to see what the inebriated person might do. Though we have the benefit of hindsight, Officer Lubey did not—literal or otherwise. After all, we can't second-guess split-second police judgments in "tense, uncertain, or rapidly evolving" situations. *See Graham v. Connor*, 490 U.S. 386, 397 (1989).

Sure, Navarro didn't pose a huge threat to Officer Lubey. And so we need to balance this moderate threat against the moderate force that Officer Lubey used. *See Smith,* 394 F.3d at 703 (balancing the "severity and extent of the force used" against the threats faced). Here, Officer Lubey only executed a takedown maneuver that quickly landed Navarro on the ground with his face in the concrete. This caused

Navarro a swollen lip and abrasions on his face and knees. None of this points to unreasonable excessive force.

Even if there was doubt about whether Officer Lubey used excessive force, it is not "clearly established" law that a police officer couldn't defend himself with moderate force to protect himself from a drunken reveler. Navarro and the majority rely on two cases to show "clearly established" law. *See Andrews v. City of Henderson*, 35 F.4th 710, 719 (9th Cir. 2022); *Blankenhorn v. City of Orange*, 485 F.3d 463, 478 (9th Cir. 2007). Neither do so.

First, *Andrews* was based on the facts that the "suspect[] posed no *immediate* threat to the officers or public safety when [he was] arrested" and that the suspect "had no interaction with the detectives before they tackled him." 35 F.4th at 719. Despite the lack of a threat or a prior interaction, the police in *Andrews*, without warning, gang-tackled the suspect so violently that he suffered a fractured hip, requiring two surgeries. *Id.* at 714. We have nothing like that here. Navarro was inebriated, physically accosted another officer, refused commands to back away, and then became a threat to Officer Lubey after he came up behind him in his blind spot. And the force used here was more reasonable than in *Andrews*, causing only minor injuries to Navarro.

*Blankenhorn* is even more far afield. In that case, three officers gang-tackled a non-resisting misdemeanor suspect who posed no threat to officers or others'

4                                                                 24-7142

safety. 485 F.3d at 478. Rather, the suspect was casually talking with a friend. *Id.* The officers then tackled the suspect anyway without first trying to handcuff him. *Id*. Again, that's nothing like this case.

2. As to Navarro's First Amendment retaliation claim, even assuming that Officer Lubey retaliated against Navarro by uncomfortably escorting him with his arms above him, the law was not "clearly established" that the use of the technique was objectively unreasonable given Navarro's continuing non-compliance. It's uncontested that the escort method would prevent Navarro from spitting at officers or others as he was escorted to the police van. This concern was reasonable given Navarro's bloody lips, his inebriation, and the belligerence and the profanity hurled at officers after his arrest.

Navarro has not pointed to any cases where an officer violated the First Amendment despite using objectively reasonable force. Neither *Duran* nor *Winterrowd* provide clearly established law. In *Duran*, an officer detained a drunk suspect who had cursed at him even though there was no "legitimate, articulate reason" for detention. *Duran v. City of Douglas*, 904 F.2d 1372, 1377 (9th Cir. 1990). Indeed, there was no evidence of a danger to public safety, that the suspect was in possession of a controlled substance, or that he had been or was about to be engaged in criminal activity. *Id*. In the absence of any of these reasons for the detention, we held it was retaliation forbidden by the First Amendment. But here,

we have ample "legitimate, articulate reason[s]" for the escort technique—especially Navarro's verbal non-compliance, which could have easily escalated into spitting or other unsafe conduct.

And *Winterrowd* doesn't work from the start—it's a Fourth Amendment case, so it can't establish what conduct violates the First Amendment. *See Winterrowd v. Nelson*, 480 F.3d 1181, 1183 (9th Cir. 2007). In that case, the suspect was "neither threatening nor physically abusive" and officers had no "reasonable fear that he could be dangerous." *Id.* at 1185. Even so, the officers threw the suspect on the hood of a police vehicle and yanked his arm after he claimed he was injured. *Id.* at 1186. Here, in contrast to *Winterrowd*, Navarro posed a threat—admittedly a minor threat given he was handcuffed. So Officer Lubey managed that threat in a proportionate way by using an objectively reasonable escort technique.

\* \* \*

I would thus reverse the denial of qualified immunity.